**Nina C. BOWIE, Plaintiff-Appellant,**

v.

**Patricia Roberts HARRIS, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 81–5131.**

United States Court of Appeals, Sixth Circuit.

Argued April 23, 1982.

Decided June 4, 1982.

Lucy Honey Haynes, Nashville, Tenn., for plaintiff-appellant.

Arthur S. Kahn, W. James Ellison, Memphis, Tenn., for defendant-appellee.

Before EDWARDS, Chief Judge, CONTIE, Circuit Judge, and ENSLEN*, District Judge.

CONTIE, Circuit Judge.

This is an appeal from the district court's affirmance of the Secretary's denial of social security disability benefits to claimant. Claimant, age 45 with a twelfth grade education, has a history of recurrent back problems. She has submitted to surgery three times for a ruptured lumbar disc but has continued to experience considerable pain.

The medical evidence, along with the claimant's own testimony, was uncontested

that claimant is unable to perform her former work of running a drive-in restaurant.

This was sufficient to establish a prima facie case of disability and to shift the burden of proof to the Secretary to establish that there was work in the national economy that claimant was physically capable of performing. *Allen v. Califano,* 613 F.2d 139 (6th Cir. 1980). The Court finds that the Secretary did not meet her burden of proving that claimant retained residual capacity to perform sedentary work.

Medical evidence was submitted by four physicians. Robertson, a neurological surgeon on the staff of a medical college, was the claimant's treating physician who performed the three surgeries. On a Physical Capacity Evaluation Form provided by the Social Security Administration and dated April 1979, Robertson checked that claimant was capable of sedentary work. At claimant's last office visit in September 1979, he noted that "Patient returns unable to work because of persistent recurrent ... pain ... [which] interferes with lifting, bending, standing, straining, sitting, and riding." In a letter to claimant's attorney on April 3, 1980, Robertson wrote: "In sum, this lady has had ... recurrent lumbar disc problems which interfere with activities which would be necessary for gainful employment. She wishes to have this treated conservatively and it may be necessary for her to consider application for disability."

Lyerly is an orthopedic surgeon to whom claimant was sent for disability evaluation. He stated in a report dated March 1979: "I think the maximum work this patient might do is a sedentary type work if she were trained for such." On the Physical Capacity Evaluation Form he checked that claimant was capable of sedentary work.

Schull is a general practitioner in claimant's hometown. In a brief report dated March 1979 he wrote: "[T]his patient has continued to suffer both low back and neck

---

* Honorable Richard A. Enslen, U. S. District Judge, Western District of Michigan, sitting by designation.

pain when forced to stand or sit for any great length of time; and in my opinion, is unable to work in her present condition."

Barnett is an orthopedic surgeon, whom claimant consulted for an evaluation. He reported in March 1980 that the "patient certainly is disabled to perform any type of work that requires any appreciable sitting, standing, stooping."

All four physicians expressed doubt at the very least about claimant's ability to work. Lyerly opined that at the most she might perform sedentary work. At his last examination of claimant, Robertson, her treating physician, stated that she was unable to work because of persistent pain. Schull reported that claimant was unable to work; Barnett stated that she was unable to perform any type of work that required appreciable sitting, standing, or stooping.

It is true that in March and April of 1979, respectively, Lyerly and Robertson checked that claimant was capable of sedentary work. Robertson's checking of this box, however, appears to be repudiated by his later statements that claimant was unable to work. The opinion of Lyerly, to whom claimant was sent by the government for the purpose of defending against her disability claim, carries less weight than that of Robertson, her treating physician. *Allen v. Califano*, 613 F.2d 139 (6th Cir. 1980). Moreover, Lyerly's checking of the box is not unambiguously supported by his written statement.

The court finds that—balanced against the claimant's own testimony and the written evaluations of all four physicians—the checking of a box by two physicians, one of whom later altered his judgment regarding the extent of claimant's disability, is evidence insufficient to meet the Secretary's burden of proving that claimant was capable of sedentary work.

Accordingly, the judgment of the district court is vacated. The case is remanded to the district court for remand to the Secretary for granting of benefits.