785 F.2d 311
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LIGE WILLIAMS, Plaintiff-Appellant,
v.
MARGARET M. HECKLER, SECRETARY OF HEALTY AND HUMAN SERVICES,
Defendant-Appellee.
 84-3538
 United States Court of Appeals, Sixth Circuit.
 1/20/86
 
 BEFORE: KEITH and KRUPANSKY, Circuit Judges; and EDWARDS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Lige Williams appealed the district court's order granting a summary judgment which affirmed the Secretary of Health and Human Services' denial of social security disability benefits under 42 U.S.C. Secs. 416(i), 423 and of Supplemental Security Income benefits under 42 U.S.C. Sec. 1382c. Plaintiff filed applications for disability insurance and SSI benefits on September 17, 1980, alleging that he has been unable to work since July 15, 1980 as a result of a heart attack. The applications were denied initially and on reconsideration by the Administration. On October 14, 1981, the administrative law judge (ALJ) concluded that plaintiff was not disabled. This decision was affirmed by the Appeals Council on March 3, 1982.
 
 
 2
 Plaintiff, who was born on December 11, 1932, was forty-seven years of age at the time of his application. The record discloses that plaintiff possessed a sixth grade education. He had been employed as a dishwasher in a restaurant, a laborer in construction work, and, most recently, as a foundry worker, performing heavy, unskilled labor. Plaintiff stopped working after suffering a heart attack on the job, July 15, 1980, and a probable second heart attack one month later.
 
 
 3
 Following his release from the hospital one month after his July 1980 heart attack, plaintiff was treated in a clinic every second week by Dr. Kimberly Bailey, his treating physician. During his treatment by Dr. Bailey, plaintiff continued to report chest pain and fatigue and was re-admitted to the hospital for further diagnosis on October 18, 1980. Subsequent to his second release from the hospital, plaintiff resumed visits to the clinic from October of 1980 through the date of hearing, June 16, 1981. Dr. Bailey, in written communications to the Social Security Administration dated February 6, 1981 and May 18, 1981 reported that, during this period of treatment, plaintiff continued to experience constant and often severe chest pain. In the February 1981 letter, Dr. Bailey indicated that, based on her observation and treatment of plaintiff since his myocardial infarction in the summer of 1980, she was of the opinion that he could no longer perform the 'strenuous, heavy manual labor' to which he was accustomed and should be considered disabled due to his lack of education and potential for retraining. On May 18, 1981, Dr. James M. Garvey, Jr. indicated in medical records incorporated in the record that plaintiff's ECG continued to show abnormalities consistent with inferior myocardial ischemia and indicated that the abnormalities had increased slightly since March 18, 1981.
 
 
 4
 Plaintiff testified before the ALJ that he suffers from severe, disabling pain with or without exertion, that when he attempts to walk, he staggers and his head and chest often feel tight and compressed, that heat causes him to experience choking sensations, and that he is in constant pain, even when sitting, which requires his wife to perform the simplest tasks for him, such as shopping or removing the garbage. Plaintiff also testified that he has stomach trouble and has very poor eyesight.
 
 
 5
 In considering plaintiff's claim for disability benefits, the ALJ concluded that although plaintiff continued to suffer soreness in his chest as a result of his heart attack, plaintiff possessed the residual functional capacity to perform light work, in contrast to his past relevant work as a laborer which involved heavy exertion. The ALJ employed Rule 202.17 of Table 2 of Appendix 2, 20 C.F.R. Pt. 404, Subpt. P, App. 2 (1985), 'as a frame of reference,' to find plaintiff was not disabled considering his physical capacities, age, education, and work experience.[1] In evaluating the evidence, the ALJ inferred from plaintiff's physical capacities evaluation form completed by Dr. Bailey that plaintiff was capable of performing light work, despite Dr. Bailey's narrative opinion in her letter that she believed plaintiff totally disabled because of his health as well as his limited education and unskilled work experience. Dr. Bailey noted on the physical capacities evaluation form that plaintiff could sit for eight continuous hours in a day, stand for three continuous hours, and walk for one hour; stand for six hours total and walk for two hours total during an eight hour day; frequently bend or squat; and was moderately restricted in activities involving exposure to marked changes in temperature and humidity.
 
 
 6
 The standard applied by this court in reviewing a determination by the Secretary is whether the decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); 42 U.S.C. Sec. 405(g). Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' Richardson, 402 U.S. at 401, 91 S.Ct. at 1427 (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, S.Ct. 206, 217, 83 L.Ed. 126 (1938)). See also Ellis v. Schweiker, 739 F.2d 245, 248 (6th Cir. 1984). The determination of whether substantial evidence exists to support the Secretary's findings must be based on the record as a whole. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980); Hephner v. Mathews, 574 F.2d 359, 362 (6th Cir. 1978).
 
 
 7
 In light of this standard, the court is constrained to conclude that the ALJ's determination, as supported by the record before him, was not based on substantial evidence. Dr. Bailey never expressly stated that plaintiff was capable of performing light work. The significance of a treating physician's marks on a physical capacities evaluation form largely depends on the circumstances of the individual case and may be placed in doubt by other statements of the physician. See Bowie v. Harris, 679 F.2d 654, 656 (6rh Cir. 1982). On the form itself, Dr. Bailey noted moderate restrictions on plaintiff's work environment. Dr. Bailey had also expressed her observation of plaintiff's recurrent chest pain, which under appropriate circumstances may occasion a claimant's disability. See King v. Heckler, 742 F.2d 968, 974-75 (6th Cir. 1984). Finally, no contrary medical testimony was introduced. Taking all these factors into account, the court is of the opinion that further inquiry at the administrative level is necessary with respect to the relevant medical and vocational considerations.
 
 
 8
 Accordingly, the case is REMANDED to the Secretary for vocational expert testimony regarding plaintiff's residual functional capacity to perform various work.
 
 
 
 [1]
 Rule 202.17 directs a conclusion of not disabled where a claimant's relevant medical and vocational characteristics precisely match those identified in the table incorporating the rule (Table 2 of Appendix 2), namely, a residual functional capacity to perform light work as a result of a severe medically determinable impairment or impairments, a younger individual (age 45-49), a limited education or less (at least literate and able to communicate in English), and no or only unskilled previous work experience. 20 C.F.R. Pt. 404, Subpt. P, App. 2 (1985)