837 F.2d 1091
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lee H. WINTERSTEIN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 87-1235.
 United States Court of Appeals, Sixth Circuit.
 Jan. 27, 1988.
 
 Before KEITH and WELLFORD, Circuit Judges and HULL, Chief U.S. District Judge.*
 PER CURIAM:
 
 
 1
 Plaintiff, Lee Winterstein, has appealed from denial of his fifth claim for benefits under the disability provisions of the Social Security Act. Unsuccessful in his prior attempts, Winterstein did not pursue his prior claims of disability due to stomach and back ailments to the courts. In the present controversy, the Administrative Law Judge (ALJ), after a hearing, found Winterstein capable of doing sedentary work based on his age, (52 at the time of the hearing), education and work experience. Testimony was given by plaintiff, his wife, and by vocational expert, William Kiser, who had testified concerning Winterstein in a prior administrative hearing in which plaintiff's claim of disability had been denied. The matter was referred by the district court to a magistrate, who recommended that the Secretary's determination of non-disability be found supported by substantial evidence. After consideration of that report together with plaintiff's objections, and the record in this case, the district court accepted and adopted the ten page report and recommendation of the magistrate.
 
 
 2
 The magistrate's report contained a thorough discussion of the ALJ's decision, the medical evidence, the testimony of the witnesses, and the applicable law.
 
 
 3
 Magistrate Goldman summarized plaintiff's medical treatment through 1982. (By this time, plaintiff had already submitted several claims for social security benefits based on his asserted total disability).
 
 
 4
 A review of the medical evidence reveals some inconsistencies and confusion regarding plaintiff's medical treatment. However, the following constitutes a substantially accurate rendition of his medical history. Plaintiff underwent a thyroidectomy in 1976. In March, 1977, a laminectomy and foraminotomy were performed at the C5-6 level bilaterally. This procedure was apparently repeated in November, 1977 at the C6-7 level (TR 185-87). Plaintiff also underwent stomach surgery in 1977 and 1978 (TR 257-75). In 1982, a spur was removed at the C4-5 level. A cervical and lumbar myelogram was performed at the same time, which was essentially normal. Plaintiff was noted to recover well from this surgery (TR 282).[1] It was noted at that time that plaintiff suffers from cervical spondylosis which could not be reversed through surgery (TR 282, 284). In a letter dated December 22, 1982, Dr. George P. Schanz, plaintiff's treating physician, indicated that plaintiff had the residual functional capacity to perform work at a slight level of exertion (TR 295-96).
 
 
 5
 The magistrate concluded as to Winterstein's condition after 1982:
 
 
 6
 There is no question but that plaintiff suffers from a severe back impairment. However, the evidence is conflicting as to the effect of that impairment on plaintiff's ability to engage in substantial gainful activity. While Dr. Schaefer [who examined plaintiff only twice] has unequivocally stated that plaintiff is disabled,[2] the findings and opinions of Dr. Schanz, Dr. Eckhouse, and Dr. Tuttle, as well as the nyelograms, reveal only limited restrictions in range of motion and an absence of neurological deficits.
 
 
 7
 For the reasons stated by the magistrate, after a review of the record in this case, we AFFIRM the decision of the district court and find that the Secretary's determination is supported by substantial evidence.
 
 
 
 *
 The Honorable Thomas G. Hull, Chief U.S. District Judge, Eastern District of Tennessee, sitting by designation
 
 
 [1]
 Plaintiff has also suffered from a seizure disorder; however, that disorder appears to be well controlled, with infrequent episodes (TR 278-79)
 
 
 [2]
 It should also be mentioned that Dr. Schaefer examined plaintiff only once. As has frequently been stated by the Courts, less weight is to be given to opinions of a one-timer examiner than those of treating physicians. Bowie v. Harris, 679 F.2d 654, 656 (6th Cir.1982)