880 F.2d 415
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eugene A. SOULE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-1709.
 United States Court of Appeals, Sixth Circuit.
 July 25, 1989.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and JOHN D. HOLSCHUH,* District Judge.
 PER CURIAM.
 
 
 1
 Eugene A. Soule appeals the final decision of the Secretary of Health and Human Services denying his application for a period of disability and disability insurance benefits. During oral argument on March 23, 1989, Soule's counsel informed the Court that Soule had died of cancer. On March 30, 1989, Soule's counsel filed a suggestion of death with a death certificate attached, showing that Soule had died of lung cancer on January 31, 1989. We reverse the decision of the Secretary and order the award of disability benefits for the period from August 31, 1985, the onset date of Soule's disability, until January 31, 1989, the date of his death.
 
 
 2
 Soule filed an application for disability insurance benefits on January 29, 1986, claiming that he had been disabled since August 1985 due to a heart condition and arthritis. The Social Security Administration denied the application initially and on reconsideration. Following a hearing held on February 23, 1987, an administrative law judge found Soule not to be disabled because he retained the residual functional capacity to perform jobs of a light exertional nature that existed in significant numbers in the national economy. On June 9, 1987, the Appeals Council denied Soule's request for review, thereby allowing the administrative law judge's decision to become the final decision of the Secretary. Following Soule's appeal to federal district court, a magistrate recommended in February 1988 that the Secretary's decision be affirmed. The district court accepted the magistrate's recommendation and granted the Secretary's motion for summary judgment. Soule then appealed to this court.
 
 
 3
 Soule was 53 years of age at the time of the administrative hearing and had a tenth grade education. He had previously been employed as a manufacturing foreman and as a production manager for a lift truck manufacturing company. These previous positions, although skilled in nature, did require heavy exertion by Soule. Soule did not work following his alleged onset of disability in August 1985.
 
 
 4
 Soule asserted that he was disabled due to kidney problems, arthritis, and a heart condition. Soule did suffer from a series of bladder and kidney infections, and he underwent prostate surgery in December 1985.
 
 
 5
 Soule also complained of pain in lower back, hips, legs, feet and shoulders due to arthritis. An examination by Dr. Thomas Namey in January 1984 revealed tendon crepitus in the shoulders and some limitation of cervical rotation. Dr. Namey recommended therapy with non-steroidal anti-inflammatory drugs.
 
 
 6
 In December 1984, Soule was seen at the Arthritis Clinic of the University of Michigan Medical Center. An examination revealed some crepitus in the right shoulder with some decreased range of motion in the shoulder and a minimal degree of decreased range of motion in the neck. X-rays of the spine, pelvis, feet, shoulders, chest and knees were unremarkable. The cause of Soule's pain was diagnosed as degenerative joint disease, and it was noted that medication helped relieve the pain.
 
 
 7
 In February 1986, Dr. James O'Connor stated that Soule had limited motion in his knees and a loss of grip strength due to arthritis. Dr. O'Connor further found, in May 1986, that Soule suffered from tendinobursitis in his shoulders, which was treated with medication.
 
 
 8
 In September 1986, Dr. Michael Shea found that Soule's osteoarthritis problems had improved since he had been off work and suggested that a change of jobs might be beneficial.
 
 
 9
 Soule additionally suffered from a heart condition. He was hospitalized at the University of Michigan Medical Center for chest pain in August 1985, and tests revealed that he had suffered a myocardial infarction. He was treated with medication and discharged on September 8.
 
 
 10
 Soule was hospitalized on November 15, 1985 for a catheterization. During the catheterization, he suffered another myocardial infarction. He was discharged on November 18.
 
 
 11
 On February 10, 1986, Soule told Dr. O'Connor that he experienced chest tightness and pain following mild exertion and that nitroglycerin relieved the symptoms. O'Connor concluded that coronary bypass surgery was not required and that Soule should continue with medication.
 
 
 12
 Dr. Victor Sharpe examined Soule in April 1986. A cardiac examination was fairly normal, and Dr. Sharpe stated that he was not sure whether Soule's symptoms of chest numbness and fatigue were related to his coronary disease.
 
 
 13
 In May 1986, Dr. O'Connor stated that Soule had "done very well" since the myocardial infarction in 1985. O'Connor also declared that, in his opinion, Soule was not eligible for gainful employment at the present or in the foreseeable future.
 
 
 14
 In September 1986, Dr. Shea, the attending physician during Soule's hospitalization of August 1985, reported that Soule's long-term prognosis was "very good." Dr. Shea concluded that disability was not warranted on the basis of Soule's cardiac problems alone and additionally stated that he was disinclined to believe that Soule's cardiac problems and osteoarthritis combined should warrant a finding of complete and total disability.
 
 
 15
 Dr. Jose Edurese, in a letter dated October 13, 1986, stated that, due to the extent of coronary disease, Soule should be regarded as disabled from any further occupational activity.
 
 
 16
 Following a consideration of the record and the testimony given at the hearing, the administrative law judge found that, while Soule was unable to perform his past relevant work because of his heart disease, arthritis and bladder and kidney problems, he retained the residual functional capacity to perform jobs of a light exertional nature. The administrative law judge accordingly found Soule not to be disabled.
 
 
 17
 Based on our review of the record as a whole, we conclude that the Secretary's decision that Soule was capable of performing substantial gainful employment to not be supported by substantial evidence. We consequently reverse the Secretary's decision denying Soule disability benefits.
 
 
 18
 In a social security disability case, the claimant has the burden of establishing disability that prevents him from performing any substantial gainful employment. Once, however, the claimant makes a prima facie case that he cannot perform his usual work, the burden shifts to the Secretary to show there is work in the economy that the claimant can perform. Allen v. Califano, 613 F.2d 139, 145 (6th Cir.1980). In this case, Soule clearly showed, and the administrative law judge found, that he was unable to continue performing his usual work for the lift truck manufacturing company. Thus, the burden of proof shifted to the Secretary to establish that Soule was physically able to perform substantial gainful employment, and we find that the Secretary did not meet his burden of proving that Soule retained the residual capacity to perform jobs of a light exertional nature.
 
 
 19
 The record shows that several physicians examined Soule. Dr. O'Connor and Dr. Edurese, two treating physicians whose opinions are entitled to substantial deference, Harris v. Heckler, 756 F.2d 431 (6th Cir.1985), found Soule to be disabled due to coronary disease and consequently unable to perform further gainful employment. Dr. Sharpe's opinion regarding Soule's heart condition was equivocal at best and provides little support for either Soule's claim for benefits or the Secretary's denial of benefits. The Secretary's decision is supported by the opinion of one physician, Dr. Shea, who found that Soule was not disabled on the basis of cardiac problems alone, although even Shea did not unequivocally state that Soule was not disabled from the combination of cardiac problems and osteoarthritis.
 
 
 20
 From our examination of the record, including the opinions of the various physicians, we conclude that the evidence is insufficient to meet the Secretary's burden of proving that Soule was capable of performing substantial gainful employment. See Bowie v. Harris, 679 F.2d 654, 656 (6th Cir.1982). The Secretary's finding that Soule was not disabled because he retained the residual capacity to perform jobs of a light exertional nature is not supported by substantial evidence, and we accordingly reverse the decision of the Secretary denying disability benefits. The judgment of the district court is vacated, and the case is returned to the district court for remand to the Secretary for the award of benefits for the period of August 31, 1985 through January 31, 1989.
 
 
 
 *
 The Honorable John D. Holschuh, United States District Judge for the Southern District of Ohio, sitting by designation