**Jeries AWAD, Plaintiff-Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.**

No. 83–1288.

United States Court of Appeals, Sixth Circuit.

Argued April 3, 1984.

Decided May 17, 1984.

Larry Farber (argued), Lakin, Worsham & Victor, Southfield, Mich., for plaintiff-appellant.

Leonard R. Gilman, U.S. Atty., Karl Overman, Asst. U.S. Atty. (argued), Detroit, Mich., for defendant-appellee.

Before KENNEDY and CONTIE, Circuit Judges, and GIBSON, District Judge.[*]

CONTIE, Circuit Judge.

Jeries Awad appeals the district court's order upholding the Secretary's determination that Awad is not entitled to disability benefits because he has failed to follow a prescribed course of treatment. We affirm.

Awad was injured in a car accident in December 1979. Since that time he has experienced some difficulty with his back. Virtually all of the medical evidence indicates that Awad's problems stem from his lower vertebrae and discs. Dr. Abbasi diagnosed spondylolisthesis. Dr. Suarez concluded that Awad had a ruptured lumbar disc. Dr. Lozan stated that Awad had a herniated disc. Dr. Paz, Dr. Suarez and Dr. Lozan each expressed the opinion that Awad would benefit from a laminectomy. Awad has steadfastly refused to undergo this operation.

Although the Administrative Law Judge found that the "medical evidence indicates that claimant has a ruptured disc with intractable and constant pain," he did not expressly find that Awad has a severe impairment or is unable to engage in substantial gainful activity. Rather, he denied benefits on the ground that Awad failed to submit to prescribed treatment. The Secretary has promulgated a regulation which governs cases of this type.

NEED TO FOLLOW PRESCRIBED TREATMENT.

(a) *What treatment you must follow.* In order to get benefits, you must follow treatment prescribed by your physician if this treatment can restore your ability to work.

(b) *When you do not follow prescribed treatment.* If you do not follow the prescribed treatment without a good reason, we will not find you disabled or, if you are already receiving benefits, we will stop paying you benefits.

(c) *Acceptable reasons for failure to follow prescribed treatment.* The following are examples of a good reason for not following treatment:

(1) The specific medical treatment is contrary to the established teaching and tenets of your religion.

(2) The prescribed treatment would be cataract surgery for one eye, when there is an impairment of the other eye resulting in a severe loss of vision and is not subject to improvement through treatment.

(3) Surgery was previously performed with unsuccessful results and the same surgery is again being recommended for the same impairment.

(4) The treatment because of its magnitude (e.g. open heart surgery), unusual nature (e.g., organ transplant), or other reason is very risky for you; or

(5) The treatment involves amputation of an extremity, or a major part of an extremity.

20 C.F.R. § 404.1530 (1983).

Awad's explanation for his failure to follow the course of treatment pre-

[*] The Honorable Benjamin F. Gibson, United States District Judge for the Western District of Michigan, sitting by designation.

scribed by several physicians is that he is afraid to undergo the procedure. We conclude that wholly unsubstantiated and subjective apprehensions on the part of a claimant do not constitute "good reason" within the meaning of the regulation. Section 404.1530(c)(4), the only provision arguably applicable to Awad, identifies open heart surgery and organ transplants as examples of the types of procedures which a claimant may refuse with good reason. A laminectomy is patently dissimilar to those procedures. Moreover, this provision allows a claimant to not undergo a procedure which "*is* very risky"; it speaks in objective terms and does not allow a claimant to choose to forego a procedure which he believes might be risky. Case law confirms this reading of the applicable regulation. In *Ratliff v. Celebrezze,* 338 F.2d 978 (6th Cir.1964), this court validated a claimant's decision not to undergo surgery in light of objective medical evidence indicating that this decision was reasonable. *Id.* at 981. Since there is no objective medical evidence supporting Awad's fears, the decision of the Secretary is supported by substantial evidence.

For the reasons stated above, the judgment of the district court is AFFIRMED.