Thomas H. KLEIN, Plaintiff,

v.

Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.

No. C 87–4081.

United States District Court, N.D. Iowa, W.D.

Sept. 26, 1988.

**1250**

Paul W. Deck, Sr., Sioux City, Iowa, for plaintiff.

Willis Buell, Asst. U.S. Atty., Sioux City, Iowa, for defendant.

### ORDER

DONALD E. O'BRIEN, Chief Judge.

This matter is before the court on plaintiff's resisted motion for summary judgment and defendant's resisted motion to affirm the secretary's decision. After careful consideration, it is the decision of this court that plaintiff's motion is denied and defendant's motion is granted.

### I. FACTS

Thomas Klein is a 44-year-old male with an eighth-grade education. Plaintiff's past relevant work was as a punch press operator, welder, and part-time farm employee. Although a vocational expert (VE) testified that Mr. Klein has work skills, the VE testified that said skills may not be transferable to work that plaintiff can perform. Accordingly, plaintiff was found not to have any acquired work skills which are transferable to the skilled or semi-skilled work activities of other work (20 C.F.R. §§ 404.1568 and 416.968).

Plaintiff suffers from chronic otitis media (inflammation of the middle ear) with chlesteatoma (tumor-like mass) in the left ear and obesity. Plaintiff also alleges that he suffers nonexertional disabilities including pain, dizziness, nauseousness, fatigue, numbness, problems with crowds, and problems with mental concentration.

Mr. Klein met the disability insured status requirements on December 31, 1977, the date he stated he became unable to work, and continued to meet them through March 31, 1983. The record indicates that plaintiff has not engaged in substantial gainful activity since 1979.

### II. ADMINISTRATIVE PROCEEDINGS

On July 5, 1985, plaintiff filed applications for disability insurance benefits under Title II of the Act, 42 U.S.C. §§ 401, *et seq.*, and for supplemental security income (SSI) benefits under Title XVI of the Act, 42 U.S.C. §§ 1381, *et seq.* Plaintiff alleged disability commencing December 31, 1977.

The record indicates that Mr. Klein previously filed applications for disability benefits on July 30, 1979 and again on October 20, 1980. In his previous applications, Mr. Klein alleged disability commencing December 1978. His first application (July 30, 1979) was denied through the reconsideration level on February 18, 1980. Plaintiff's second application (October 20, 1980) was denied on November 25, 1980. Neither decision was appealed.

The instant applications (July 5, 1985) were denied both initially (Tr. 157–58, 188–92) and on reconsideration (Tr. 151–56, 171–75). On January 14, 1987, following a hearing, an Administrative Law Judge (ALJ) found that Mr. Klein's prior denials dated November 25, 1980 were administratively final and binding on plaintiff so as to constitute res judicata with respect to entitlement to social security benefits on or prior to November 25, 1980, and could not be reopened since the application was filed On July 5, 1985, four years and seven months after the denial order. The ALJ also found that Mr. Klein was not under a disability as defined in the Social Security Act at any time subsequent to the November 25, 1980 decision through March 31, 1983, the date that plaintiff last met the earnings requirement.

The ALJ also found that plaintiff was not disabled after his eligibility status for benefits had expired on March 31, 1983 through January 14, 1987, the date of the hearing.

On March 28, 1987, the Appeals Council of the Social Security Administration denied plaintiff's request for review. Accordingly, the ALJ's decision stands as the final decision of the secretary. On May 20, 1987, plaintiff filed his complaint seeking judicial review of the secretary's decision.

## III. STANDARD OF REVIEW

The court must affirm the findings of the ALJ if they are supported by substantial evidence on the record as a whole. *Gavin v. Heckler,* 811 F.2d 1195, 1199 (8th Cir. 1987); *see* 42 U.S.C. § 405(g). "Substantial evidence" is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *accord Taylor v. Bowen,* 805 F.2d 329, 331 (8th Cir.1986). In the context of the review of an administrative decision, the court must weigh the substantiality of supportive evidence against "whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. National Labor Relations Bd.,* 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1951). Thus, the court must perform a balancing test, evaluating any contradictory evidence. *Gavin v. Heckler,* 811 F.2d at 1199.

## IV. DISCUSSION

### A. Res Judicata.

■ Plaintiff contends that while it is true as a general rule that an administrative decision not to reopen a prior application is not subject to judicial review and is therefore res judicata on the issue[s] determined, particular circumstances can arise where denial of social security disability benefits on the ground of res judicata constitutes an abuse of discretion and manifest error, and hence, is improper. *See Lauritzen v. Weinberger,* 514 F.2d 561 (8th Cir. 1975); *Munsinger v. Schweiker,* 709 F.2d 1212 (8th Cir.1983). Plaintiff argues that the circumstances in this case are such, considering plaintiff's severe mental and physical disabilities as existing prior to November 28, 1980, that the denial of benefits on the grounds of administrative res judicata should be held an abuse of discretion. Plaintiff further argues that a close review of the facts in this record will show that the secretary's previous decision was founded on improper bases for denial of benefits. Plaintiff contends that he was disabled on or before November 28, 1980 and that this determination should have been made. Therefore, plaintiff argues that there is good cause to reopen his case. Plaintiff points out that no consideration was given by the secretary as to whether the 1980 claim should be reopened due to "an error on the face of the evidence" on which the decision denying disability was based. Plaintiff contends that a decision containing error on the face of evidence cannot be used as a foundation for res judicata.

Conditions for reopening social security cases are set out in 20 C.F.R. § 404.988, which states as follows:

A determination, revised determination, decision, or revised decision may be reopened—

(a) Within twelve months of the date of the notice of the initial determination, for any reason;

(b) Within four years of the date of the notice of the initial determination if we find good cause, as defined in section 404.989, to reopen the case; or

(c) At any time if

(1) It was obtained by fraud or similar fault; ...

Good cause for reopening a social security case has been set out in 20 C.F.R. § 404.989, which states as follows:

(a) We will find that there is good cause to reopen a determination or decision if—

(1) New and material evidence is furnished;

(2) A clerical error in the computation or recomputation of benefits was made; or

(3) The evidence that was considered in making the determination or decision clearly shows on its face that an error was made.

(b) We will not find good cause to reopen your case if the only reason for reopening is a change of legal interpretation or administrative ruling upon which the determination or decision was made.

Plaintiff acknowledges that it might be asserted that after four years, the prior determination of the secretary denying disability becomes final. However, plaintiff points out that there is an exception for fraud or *similar fault*. Plaintiff argues that a denial of social security disability benefits on the ground of res judicata constitutes an abuse of discretion and/or manifest error is which would constitute "similar fault" as set out in § 404.988(c)(1).

The ALJ noted that the prior determinations of November 25, 1980 denying disability were final and binding determinations. The ALJ also found that the present applications were filed *more than four years* from those determinations. Therefore, the ALJ found that the prior applications could not be reopened in the absence of fraud or similar circumstances (fault). The ALJ also found that there was *no evidence* of fraud or similar circumstances. It was also determined that the plaintiff's present request for a hearing on the prior determinations involved the same facts and issues. Accordingly, the ALJ dismissed the plaintiff's request for a hearing to reopen was dismissed for res judicata under regulations §§ 404.957(c)(1) and 416.1457(c)(1). (Tr. 8, 12.)

In *Underwood v. Bowen*, 807 F.2d 141, 143 (8th Cir.1986), the court stated:

It is settled that *a district court cannot review the Secretary's decision not to reopen a prior determination. Califano v. Sanders*, 430 U.S. 99, 107–08, 97 S.Ct. 980, 985–86, 51 L.Ed.2d 192 (1977). However, if the Secretary reconsiders the merits of an application previously denied, the matter is considered reopened

and subject to review. *Jelinek v. Heckler*, 764 F.2d 507, 508 (8th Cir.1985)....

The narrow exception to *Califano* created by *Jelinek*, however, does not apply in this case. *First, the ALJ explicitly found that the reconsideration determination of June 30, 1981 was a final decision.* Moreover, the ALJ did not effectively review the merits of the first application....

(Emphasis added.)

As mentioned, the ALJ found that the reconsideration determinations of November 25, 1980 were final and binding decisions. The ALJ did not review the merits of the prior determinations. However, the court is convinced that the ALJ would have reopened the case if it would have been brought within four years as required in 20 C.F.R. § 404.988(b). Thus, the narrow exception set forth above does not apply to this case. Accordingly, this court finds that it cannot review the secretary's decision not to reopen the November 25, 1980 determinations.

B. Plaintiff's Claim for Disability Benefits Subsequent to November 25, 1980 under Title II of the Act.

■ The ALJ found that the medical evidence establishes that Mr. Klein has chronic otitis media (inflammation of the middle ear) with cholesteatomy (tumor-like mass) in the left ear, and obesity, but that he does not have an impairment or combinations of impairments listed in, or medically equal to one listed in Appendix I, subpart P, regulations No. 4. The record indicates that plaintiff suffered a hearing loss of 65% in the left ear and 5% in the right. Medical testimony by Dr. Heimann (Tr. 84, 234) and by Dr. Davey (Tr. 227) demonstrated that the only treatment of value for the left ear disorder was surgery. However, the record also indicates that plaintiff has not undergone corrective surgery to alleviate the side effects caused by the cholesteatomy (tumor-like mass). Defendant argues that failure to undergo corrective surgery fails to support a basis for a finding of disability. *See* 20 C.F.R. §§ 404.1530 and

416.930; *Awad v. Secretary of HHS,* 734 F.2d 288 (6th Cir.1984).

The ALJ also found that plaintiff's non-exertional complaints of pain, dizziness, nausea, fatigue, and others are not supported by the medical and other evidence and are therefore not credible insofar as they allegedly prevent performance or work enumerated by the VE. Defendant argues that case law in the Eighth Circuit holds that the ALJ may rely on testimony of the VE which is based on impairments accepted as true by the ALJ. The defendant argues that, in the instant case, the ALJ was not required to accept the answer based on a hypothetical question which assumes everything alleged by plaintiff to be true. *See Ward v. Heckler,* 786 F.2d 844, 848 (8th Cir.1986).

Having carefully reviewed plaintiff's claims of disability under Title II of the Social Security Act, the reports of the various doctors, the evidence of the record which both supports and detracts from the secretary's decision, the court finds that the secretary's decision is supported by the substantial evidence on the administrative record as a whole. The most striking point about this case which supports the secretary's decision is the lack of medical evidence pertaining to the period from November 25, 1980, the date the secretary denied plaintiff's last prior application, to March 31, 1983, when plaintiff's insured status expired. Other evidence which also supports the secretary's decision was the ALJ's consideration of nonexertional limitations. For example, the ALJ found that plaintiff admitted that he has a good appetite in spite of his nausea; he only takes aspirin for ear pain; he could not engage in activities such as driving, fishing and doing house work if his symptoms of dizziness were of a disabling nature (Tr. 10). The ALJ determined that plaintiff's complaints were not credible because they were not supported by the medical and other evidence (Tr. 12). As reaffirmed recently by the Eighth Circuit, questions of fact, including the credibility of a claimant's subjective testimony, are primarily for the secretary to decide, not the courts. *See Bens-*

*kin v. Bowen,* 830 F.2d 878, 882 (8th Cir. 1987).

For the reasons set out above, the court finds that there is substantial evidence on the record as a whole to support the secretary's decision denying plaintiff's claim for Title II disability benefits.

C. Plaintiff's Claim for Supplemental Security Income Benefits under Title XVI of the Act.

20 C.F.R. § 416.1100 states: "You are eligible for supplemental security income (SSI) benefits if you are an aged, blind or disabled person...." Thus, Title XVI of the Social Security Act provides SSI benefits for persons who are disabled.

In the instant case, the ALJ's findings that plaintiff was not disabled for social security purposes was a finding against him for purposes of Title II and for Title XVI benefits. Accordingly, this court finds that plaintiff does not meet the requirements for Title XVI SSI benefits.

IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment is denied.

IT IS FURTHER ORDERED that defendant's motion to affirm the secretary's decision is granted.