921 F.2d 277
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Coleman RUSSELL, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 90-1395.
 United States Court of Appeals, Sixth Circuit.
 Dec. 19, 1990.
 
 Before NATHANIEL R. JONES, BOGGS and RYAN, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 Plaintiff appeals the district court's decision denying him social security disability benefits under 42 U.S.C. Sec. 423. The issue is whether substantial evidence supports the finding that plaintiff has retained the residual functional capacity to perform sedentary and light work, thus making him ineligible for disability benefits. We conclude that substantial evidence supports the finding that plaintiff is not disabled and, therefore, we shall affirm.
 
 I.
 
 2
 Plaintiff, Coleman Russell, alleges disability since August 1978, due to hypertension, a cardiac condition, and nerves. His insured status expired in September 1981, when he was forty-eight years old. It is undisputed that a qualifying impairment or impairments must have existed on or prior to such date in order for plaintiff to be eligible for disability benefits.
 
 
 3
 Plaintiff testified that he was released from employment on disability in August 1978, with problems of fatigue, shortness of breath, headaches, and dizziness. He also stated that he had the equivalent of a high school education, and that this experience included jobs as an assembler and a machine operator at an automobile manufacturing plant. Daniel J. Rogalny, a vocational expert, classified plaintiff's past relevant work as unskilled, involving a light exertional level.
 
 
 4
 The medical diagnoses made by plaintiff's treating physician, Chris Backris, D.O., reported that plaintiff had poorly controlled hypertension since January 1976. Although plaintiff complained of chest pain, a 1977 chest x-ray was negative. Moreover, a consulting physician, A. Fairclough, M.D., found hypertension, spastic colon, and a history of peptic ulcer disease. However, an examination of plaintiff's heart showed regular rhythm and no murmurs. Similarly, an EKG showed regular rhythm and was normal except for an elevated ST segment. Additionally, plaintiff reported a one package a day smoking habit for the past 30 years.
 
 
 5
 The district court adopted the ALJ's decision which found that plaintiff's impairments prior to the expiration of his insured status constituted an uncontrolled hypertension which was sufficient to preclude his return to his past relevant work. However, after reviewing the testimony of the vocational expert, the ALJ found that plaintiff retained the residual functional capacity to participate in numerous sedentary and limited jobs which did not involve prolonged standing, walking, or sitting. Therefore, the ALJ ruled that plaintiff was not disabled, as defined by the Social Security Act, prior to September 1981.
 
 II.
 
 6
 This court's "review of the Secretary's decision is limited to determining whether there is substantial evidence in the record to support the decision." Siterlet v. Secretary of Health & Human Servs., 823 F.2d 918, 920 (6th Cir.1987). "Substantial evidence is defined as more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Atterberry v. Secretary of Health & Human Servs., 871 F.2d 567, 569 (6th Cir.1989) (citations omitted).
 
 
 7
 Before plaintiff can qualify for disability insurance benefits, he must: (1) meet certain insured status requirements; (2) be under the age of sixty-five; (3) file an application for such benefits; and (4) be under a disability as defined by the Social Security Act. 42 U.S.C. Secs. 416(1), 423. Under the Act, a disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. Sec. 423(d)(1)(A). Moreover, the impairment must render plaintiff unable to engage in his previous work or in any other substantial gainful employment that exists in the national economy, considering his residual functional capacity, age, education, and past relevant work experience. 42 U.S.C. Sec. 423(d)(2); 20 C.F.R. Sec. 404.1520.
 
 
 8
 Plaintiff appeals the finding that his uncontrolled hypertension does not impair him from performing other work. He claims that his uncontrolled hypertension results in "headaches which led to dizziness, occasional blackouts and a feeling of severe fatigue;" thus, preventing him from performing any work at all. However, this court has held that subjective complaints of headaches are inadequate to establish a disability when objective evidence fails to establish the existence of severity of the alleged pain. McCormick v. Secretary of Health & Human Servs., 861 F.2d 998, 1003 (6th Cir.1988).
 
 
 9
 In making a determination of whether a person is unable to work, the Secretary will consider all symptoms of physical or mental impairments. 20 C.F.R. Sec. 404.1529. However, the Secretary will not make a finding of disability based upon an individual's symptoms, unless "medical signs or findings show that there is a medical condition that could be reasonably expected to produce those symptoms." Id. See also Blankenship v. Bowen, 874 F.2d 1116, 1123 (6th Cir.1989).
 
 
 10
 We find that although objective evidence demonstrated that plaintiff suffered from hypertension, the evidence does not demonstrate a severity which could have been reasonably expected to produce disabling symptoms. During the relevant period, plaintiff's treating physician, Doctor Backris, indicated that plaintiff's blood pressure readings were in a normal to above normal range. The last blood pressure reading for the year 1981 was 100/80-well within the normal range. Additionally, Doctor Backris noted that plaintiff's hypertension had not resulted in organ damage, and chest x-rays were negative. Dr. Backris provided no other objective or clinical data from 1978 to 1981 which would support a claim of disabling pain.
 
 
 11
 The only other medical evidence concerning plaintiff's condition is a 1978 report from Dr. Fairclough. Dr. Fairclough noted that plaintiff's heart demonstrated regular rhythm and no murmurs, and an EKG was within normal limits. With respect to plaintiff's claim of disabling back pain, Dr. Fairclough found no extremity or spine abnormalities and no neurological abnormalities.
 
 
 12
 Furthermore, neither Dr. Backris nor Dr. Fairclough restricted plaintiff's activities, and neither thought that Russell was disabled. This court has held that when an individual's examining physician does not advise him of a need to restrict activities in light of his impairments, the ALJ is not erroneous in determining that a claimant does not have impairments that would lead to a finding of disability. Nunn v. Bowen, 828 F.2d 1140, 1145 (6th Cir.1987).
 
 
 13
 In addition, plaintiff has been advised to stop smoking but he has failed to do so. This court has held that when a claimant's lifestyle contributes to his symptoms, and he is not truly disabled, he is not entitled to disability benefits. Sias v. Secretary of Health & Human Servs., 861 F.2d 475, 480 (6th Cir.1988). In Sias, a claimant was found not truly disabled because the Secretary disregarded the consequences resulting from the claimant's unhealthful habits and lifestyle--including the failure to stop smoking. Id. Plaintiff's unwillingness to undergo treatment which could relieve his symptoms undermines the credibility of his claims of disabling symptoms from hypertension. Awad v. Secretary of Health & Human Servs., 734 F.2d 288, 289-90 (6th Cir.1984).
 
 
 14
 Moreover, although there was substantial evidence of uncontrolled hypertension--sufficient to preclude plaintiff's return to his past relevant work--testimony from the vocational expert demonstrated that plaintiff could perform sedentary and light work. This circuit has accepted vocational expert testimony as constituting substantial evidence in support of the Secretary's finding that an individual is capable of performing a significant number of jobs that exist in the national economy. Bradford v. Secretary of Health & Human Servs., 803 F.2d 871 (6th Cir.1986).
 
 
 15
 Plaintiff objects to the vocational expert's testimony that a significant number of jobs existed in the national economy that accommodated his limitations. In particular, plaintiff argues that the hypothetical question which was asked of the vocational expert did not include plaintiff's claims of severe fatigue. However, we find that the question fairly incorporated the limitations which plaintiff described in his own testimony. The question referred to a person whose activity would be limited to standing and walking for no more than fifteen minutes, sitting for no more than thirty minutes, and the ability to move or change positions for comfort.
 
 
 16
 This circuit has held that a hypothetical question must accurately portray the claimant's physical and mental impairments. Varley v. Secretary of Health & Human Servs., 820 F.2d 777, 779 (6th Cir.1987). However, there is no requirement that the hypothetical reflect a claimant's unsubstantiated complaints. Hardaway v. Secretary of Health & Human Servs., 823 F.2d 922, 927-28 (6th Cir.1987).
 
 
 17
 Because we determine that the question accurately portrayed plaintiff's physical impairments, the Secretary was correct in relying upon the vocational expert's testimony in finding that plaintiff could perform a significant number of jobs in the national and regional economy.
 
 
 18
 Thus, we conclude that substantial evidence supports the Secretary's finding that plaintiff was not under a disability, as defined in the Social Security Act, at any time during the relevant period because plaintiff could perform "other" work. Therefore, plaintiff is not entitled to benefits.
 
 III.
 
 19
 The district court's decision to deny plaintiff social security benefits is AFFIRMED.