**Guy A. CORNETTE, Plaintiff–Appellant,**

v.

**SECRETARY OF HEALTH & HUMAN SERVICES, Defendant–Appellee.**

No. 87–5967.

United States Court of Appeals, Sixth Circuit.

Decided Aug. 25, 1988.

Wolodymyr Cybriwsky, Prestonburg, Kentucky, for plaintiff-appellant.

Louis DeFalaise, U.S. Atty., John S. Osborn III, Lexington, Ky., Mary C. Roemer, Asst. Regional Counsel, Dept. of Health & Human Services, Atlanta, Ga., for defendant-appellee.

---

Before MILBURN and LIVELY, Circuit Judges; and CONTIE, Senior Circuit Judge.

PER CURIAM.

Claimant Guy Cornette appeals from the judgment of the district court affirming the final decision of the Secretary of Health and Human Services (the Secretary) in this action seeking review pursuant to section 205(g) of the Social Security Act (the Act). 42 U.S.C. § 405(g). Claimant argues that the Secretary's finding that he was not disabled due to alcoholism prior to April 26, 1985 is not supported by substantial evidence. For the following reasons, we affirm the judgment of the district court.

## I.

Claimant was born on October 9, 1945. He has an eighth grade education and past relevant work experience as a carpenter. The evidence presented at claimant's hearings established that claimant had a long history of alcoholism which resulted in pancreatitis as well as other physical problems. The record indicates that from at least 1982 through 1986, claimant was in and out of hospitals due to problems relating to his alcoholism.[1]

Claimant filed the instant application for supplemental security income (SSI) on October 3, 1983.[2] The application was denied initially and upon reconsideration. Claimant filed a request for a hearing. The request was granted and a hearing was held before an administrative law judge (ALJ). After the hearing, the ALJ issued a decision denying benefits. The Appeals Council denied claimant's request for review. The claimant sought review of this decision in the district court. The court decided that "the evidence produced *arguably* falls within the Listing of Impairments regulation pertaining to automatic disability due to alcoholism, 20 C.F.R. 404,

Subpart P, Appendix 1, Section 12.04" and remanded the case to the Secretary for consideration of claimant's alcoholism. On remand, a supplement hearing was held on July 7, 1986. On August 21, 1986, the ALJ issued his recommended decision in which he made the following findings:

1. The claimant has not engaged in substantial gainful activity since October 3, 1983.
2. The medical evidence establishes that the claimant has severe depression and chronic alcoholism.
3. The severity of the claimant's impairments meet the requirements of section 12.04 and 12.09, Appendix 1, Subpart P, Regulations No. 4 and has precluded him from working for at least 12 continuous months (20 CFR 416.925).
4. The claimant has been under a "disability," as defined in the Social Security Act, since October 3, 1983 (20 CFR 416.920(d)).

The ALJ decided that as of the date of application (October 3, 1983) claimant was disabled under section 1614(a)(3)(A) of the Act and that his disability continued at least through the date of the decision. On October 22, 1986, the Appeals Council issued its decision in which it modified the ALJ's findings and concluded that since April 26, 1985, the claimant's impairments met the requirements of section 12.04 and 12.09, but prior to that date his capacity for the full range of medium work had not been significantly compromised by his additional nonexertional limitations. Claimant again sought review of the Secretary's decision in the district court. The district court, finding that the Secretary's findings were supported by substantial evidence, granted summary judgment for the Secretary. This timely appeal followed.

Claimant argues that the Secretary's finding that his alcoholism and depression

---

1. On April 26, 1985, claimant was admitted to Eastern State Hospital on a sixty-day commitment order which stated that he was depressed and had been threatening suicide.

2. Claimant has filed two previous applications. In May of 1975 he filed for disability benefits.

This application was denied because he had returned to work. On August 3, 1982, he filed for SSI and disability benefits. This application was denied after a hearing, and became a final decision when claimant failed to timely pursue his administrative remedies.

did not meet the requirements of sections 12.04 and 12.09 until April 26, 1985 is not supported by substantial evidence.

## II.

The Social Security Administration Regulations (the Regulations) set forth a five-step process for the evaluation of disability. 20 C.F.R. § 416.920. The instant case involves the third step in the process which is codified in section 416.920(d).

(d) *When your impairment(s) meets or equals a listed impairment in Appendix 1.* If you have an impairment(s) which meets the duration requirement and is listed in Appendix 1 or is equal to a listed impairment(s), we will find you disabled without considering your age, education, and work experience.

The relevant listed impairment is found at section 12.09 of Appendix 1. Section 12.09 reads in pertinent part as follows:

12.09 *Substance Addiction Disorders:* Behavioral changes or physical changes associated with the regular use of substances that affect the central nervous system.

The required level of severity for these disorders is met when the requirements in any of the following (A through I) are satisfied.

.    .    .    .    .

B. Depressive syndrome. Evaluate under 12.04.

.    .    .    .    .

Both parties concede that this case is controlled by our decisions in *LeMaster v. Secretary of Health and Human Services,* 802 F.2d 839 (6th Cir.1986) and *Gerst v. Secretary of Health and Human Servs.,* 709 F.2d 1075 (6th Cir.1983). In *LeMaster,* we noted that "[t]he new listing and the *Gerst* case lead one to the conclusion that the mere inability to control alcohol intake is not sufficient to allow for a finding of disability. There must be serious interference with the claimant's normal day-to-day activities." *LeMaster,* 802 F.2d at 842. Therefore, the fact that claimant is a chronic alcoholic does not alone allow a finding of disability.

The parties also agree that claimant's impairment was properly evaluated under section 12.04 of Appendix 1. Section 12.04 reads in pertinent part as follows:

12.04 *Affective Disorders:* Characterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome. Mood refers to a prolonged emotion that colors the whole psychic life; it generally involves either depression or elation.

The required level of severity for these disorders is met when the requirements in both A and B are satisfied.

A. Medically documented persistence, either continuous or intermittent, of one of the following:

1. Depressive syndrome characterized by at least four of the following:

a. Anhedonia or pervasive loss of interest in almost all activities; or

b. Appetite disturbance with change in weight or

c. Sleep disturbance; or

d. Psychomotor agitation or retardation; or

e. Decreased energy; or

f. Feelings of guilt or worthlessness; or

g. Difficulty concentrating or thinking; or

h. Thoughts of suicide; or

i. Hallucinations, delusions or paranoid thinking;

. . . .

AND

B. Resulting in at least two of the following:

1. Marked restriction of activities of daily living; or

2. Marked difficulties in maintaining social functioning; or

3. Deficiencies of concentration, persistence or pace resulting in frequent failure to complete tasks in a timely manner (in work settings or elsewhere); or

4. Repeated episodes of deterioration or decompensation in work or work-like settings which cause the individual to withdraw from that situation or to experience exacerbation of signs and symptoms

(which may include deterioration of adaptive behaviors).

In analyzing claimant's impairment under section 12.04, the ALJ found that he had met both the A and B criteria and was therefore disabled as of the date of his application for benefits. "The record suggests that the claimant has had a marked degree of depression for sometime [sic] related to his chronic alcohol use and it is recommended to the Appeals Council that disability be found to commence at least as of October 3, 1983, the date of his application for supplemental income benefits."

The Appeals Council, without conducting a section 12.04 analysis, modified the recommended decision, noting that the record showed that claimant had not received treatment for a mental condition prior to April 26, 1985. The Appeals Council then applied the remaining steps of the section 416.920 analysis to claimant's claim and found that he was not disabled prior to April 26, 1985.[3]

This court has jurisdiction on appeal to review the Secretary's decision pursuant to 42 U.S.C. § 405(g) which specifies that the Secretary's factual findings are conclusive if supported by substantial evidence. " 'Substantial evidence means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Kirk v. Secretary of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir.1981) (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)), *cert. denied*, 461 U.S. 957, 103 S.Ct. 2428, 77 L.Ed.2d 1315 (1983). In determining this question, we must examine the evidence in the record "taken as a whole." *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir.1980), and " 'must take into account whatever in the record fairly detracts from its weight.' " *Beavers v. Secretary of*

*Health, Educ. & Welfare*, 577 F.2d 383, 387 (6th Cir.1978) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1951)). If it is supported by substantial evidence, the Secretary's determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently. *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir.1983) (per curiam).

■ When the findings of the Appeals Council and the ALJ are in conflict, the issue for judicial review is whether the Appeals Council's findings and not those of the ALJ are supported by substantial evidence. *Mullen v. Bowen*, 800 F.2d 535, 546 (6th Cir.1986) (en banc).

■ The following evidence concerning claimant's mental condition prior to April 26, 1985 was introduced at his administrative hearings.[4]

On March 23, 1983, Dr. Jack Eardley reported that he had examined and noted that claimant was "relevant and coherent while his mood and affect indicated anxiety features." He indicated that the prognosis is open to question in view of the recent history of alcohol abuse. He concluded that if the use of alcohol is not involved, claimant seems capable.

In November of 1983, claimant was involved in an automobile accident in which he received multiple injuries which required hospitalization. In an admission report, Dr. Syed Ikramuddin noted that claimant was to have a psychiatric consultation in light of his alcoholism problem and possible delirium tremors.[5] In December of 1983, Dr. Ikramuddin noted that claimant still had problems with his alcoholism and requested alcohol treatment.

In April of 1984, claimant spent four days in a veteran's hospital with atypical

---

**3.** Claimant does not challenge the Appeals Council's analysis of the remaining steps of the section 416.920 process as it relates to the question of claimant's disability prior to April 26, 1985.

**4.** Much of the medical records introduced below related to and focused on claimant's physical problems and made little or no reference to

his mental condition. These reports therefore, to the extent that they relate only to claimant's physical condition are not relevant to this appeal.

**5.** At his hearing, claimant stated that he did not have the psychiatric consultation because he did not have the money to pay for it.

chest pain, hypertension and status post pancreas surgery. Upon discharge, Dr. Lee opined that claimant was competent and capable of returning to full employment.

The ALJ also heard the testimony of claimant and his wife at hearings held on May 9, 1984 and July 7, 1986.[6]

At the May 9, 1984 hearing, claimant testified that his wife assists him with bathing and putting on his clothes. He also testified that he had started to shoot her twice and had twice tried to commit suicide. His wife testified and stated that in December of 1983, claimant had slit open his wrists in an attempt to kill himself. She testified further that claimant does not sleep without medication and that he does nothing but lie in bed or watch television. In April of 1983, he had his driver's license revoked because of drunk driving. Finally, she testified that she had to "have him locked up once for trying to kill me."

In order to establish that an affective disorder reaches the level of severity to be considered disabling, a claimant must satisfy the requirements of A and B of section 12.04. Subsection A requires "[m]edically documented persistence, either continuous or intermittent, of [depressive syndrome]." Depressive syndrome is characterized by showing at least four of nine listed symptoms. While the testimony of claimant and his wife indicate the occurrence of the symptoms listed in section 12.04 A, these symptoms were not medically documented until claimant entered Eastern State Hospital on April 26, 1985. While physicians who examined and treated claimant prior to April 26, 1985 noted his alcoholism problem, none made any notation of any of the symptoms listed in section 12.04 A. Because claimant provided no medically documented evidence to show that he met the A criteria of section 12.04 prior to April 26, 1985, we hold that the finding of the Appeals Council is supported by substantial evidence.

6. The testimony elicited at the July 7, 1986 hearing pertained mainly to claimant's condition after his commitment on April 26, 1985. It

Accordingly, the judgment of the district court is AFFIRMED.

therefore shed little light on claimant's condition prior to April 26, 1985.