899 F.2d 1222
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Timothy E. ROBINSON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 89-1704.
 United States Court of Appeals, Sixth Circuit.
 April 10, 1990.
 
 Before KENNEDY and RYAN, Circuit Judges; and GEORGE C. SMITH, District Judge.*
 PER CURIAM:
 
 
 1
 Timothy Robinson appeals the District Court's decision denying him a period of disability insurance benefits under Title II of the Social Security Act. The Secretary of Health and Human Services denied him benefits after finding that he had the residual functional capacity to perform a large number of jobs in the national economy. We find that there was substantial evidence to support this conclusion and therefore AFFIRM the District Court.
 
 
 2
 In September of 1985, appellant was injured in a crane accident which crushed the lower portion of his body. He was eighteen-years-old at the time. He suffered several broken bones and other crushing injuries to his pelvis and legs, as well as residual problems stemming from the accident. Appellant underwent various surgical operations, physical therapy, and vocational rehabilitation.
 
 
 3
 Robinson applied for disability benefits pursuant to sections 216 and 223 of the Social Security Act on March 17, 1986. The application was denied April 30, 1986, and he filed for reconsideration on June 11, 1986. The Secretary affirmed its earlier denial of benefits.
 
 
 4
 On January 28, 1987, appellant filed for a hearing before an Administrative Law Judge (ALJ), which was granted on January 14, 1988. At the hearing, appellant made it clear that he was seeking benefits for the closed period beginning with the accident in September 1985 and continuing until approximately May 1987.
 
 
 5
 On May 9, 1988, the ALJ concluded that appellant retained the residual functional capacity to perform a wide range of medium work, although he probably could not return to his previous relevant work as a machine operator, a "high-low" driver, or a busboy. He could, however, perform past work in sales.
 
 
 6
 Robinson then appealed the ALJ's decision to the Appeals Council, which denied his request for review. Having exhausted his administrative remedies, he sought judicial review in District Court which, upon motions for summary judgment, affirmed the ALJ's decision.
 
 
 7
 The thrust of appellant's claim on appeal is that the ALJ's determination that appellant could perform medium work during the period in question (September 1985 to May 1987) is not supported by medical evidence. Our standard of review is whether there is substantial evidence in the record, taken as a whole, which supports the Secretary's final decision. See 42 U.S.C. Sec. 405(g); Gibson v. Secretary of Health, Educ. and Welfare, 678 F.2d 653 (6th Cir.1982). "Substantial evidence" is that evidence which a reasonable mind would accept as sufficient to support a given conclusion. See Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 851 (6th Cir.1986). The Secretary's findings are conclusive if supported by substantial evidence. See 42 U.S.C. Sec. 405(g); Cornette v. Secretary of Health and Human Servs., 869 F.2d 260, 263 (6th Cir.1988). On appeal, we may neither resolve conflicts of evidence, nor decide questions of credibility. Gaffney v. Bowen, 825 F.2d 98, 100 (6th Cir.1987).
 
 
 8
 A claimant for disability insurance benefits must show that he has physical or mental malady of such degree that he cannot, considering his education, training, age, and experience, perform any kind of substantial employment which exists in the national economy. 42 U.S.C. Sec. 423(d)(2)(A). The claimant has the burden of proving--through medically accepted clinical or diagnostic techniques--that he is disabled, 42 U.S.C. Sec. 423(d)(5), and that the disability is expected to result in death or will last not less than twelve months. 42 U.S.C. Sec. 423(d)(1)(A).
 
 
 9
 As part of the statutory and regulatory framework established under 42 U.S.C. Sec. 405(a), the Secretary makes a sequential evaluation to determine a claimant's entitlement to benefits. The Secretary must decide 1) whether the claimant is working, 2) whether the claimant has a severe impairment, 3) whether the impairment meets or equals the criteria of a listed impairment and is therefore presumed to be disabling, 4) whether, after determining the claimant's residual functional capacity, the disability renders the claimant unable to perform his past work or any other work in the national economy. 20 C.F.R. Sec. 404.1520.
 
 
 10
 At step two, the ALJ found that appellant had a physical impairment, but at step three, found that these impairments did not meet the criteria necessary to presume disability. At step four, the ALJ found that appellant had the residual functional capacity to perform medium work, allowing him to resume his retail sales position, but not his other past work. Lastly, the ALJ found that there were a significant number of jobs in the national economy consistent with appellant's residual functional capacity and vocational background. Joint App. at 16-17.
 
 
 11
 Appellant first argues that his injuries meet the listings concerning musculoskeletal impairments set out at 20 C.F.R., Part 404, Subpart P, App. 1, Secs. 1.11, 1.12 (1988) and that he is therefore presumed to be disabled. He also argues that the ALJ erred in finding that he retained the residual functional capacity to perform "medium work" as defined by 20 C.F.R. Sec. 404.1567(c)[1].
 
 
 12
 20 C.F.R., Part 404, Subpart P, App. 1, Sec. 1.11 provides:
 
 
 13
 Fracture of the femur, tibia, tarsal bone of pelvis with solid union not evident on X-ray and not clinically solid, when such determination is feasible, and return to full weight-bearing status did not occur or is not expected to occur within 12 months of onset.
 
 
 14
 Substantial medical evidence supports the ALJ's finding that appellant was not presumptively disabled under this section. Appellant's treating physician, Dr. Moed, reported that by May 1986, X-rays showed that the fracture to his left tibia and right acetabulum that occurred on September 17, 1985 were in complete union. Joint App. at 303. Dr. Moed also noted that appellant had a full range of hip motion and suffered no physical limitations due to his injuries. He stated that "as far as the hip joints were concerned, ... [appellant] could return to full activities." Joint App. at 303. A March 3, 1986 report by Dr. J. Weaver also concluded that appellant could continue full weight bearing activities. Joint App. at 221.
 
 
 15
 Substantial evidence also supports the finding that appellant's tibia fracture did not meet the criteria of section 1.11. On January 27, 1986, four months after his accident, appellant's physician reported that he had regained almost complete muscular function in his legs, Joint App. at 218, and apparently could walk without crutches. Joint App. at 196. X-rays of appellant's tibia fracture showed that it was healing well. Joint App. at 213, 221, 226. X-rays also showed "considerable healing" of appellant's tibia fracture, although there was not complete union. Joint App. at 226. Appellant's medical record indicates that his tibia was clinically solid and that he could bear full weight on it as of March 1986. As such, he did not meet the criteria listing of section 1.11 and therefore cannot be presumed to have been disabled.
 
 
 16
 Appellant also claims that his fractured forearm entitles him to benefits under section 1.12, which requires non-union of a fracture and the expected or actual loss of function of an upper extremity for twelve months. 20 C.F.R., Part 404, Subpart P, App. 1, Sec. 1.12 (1988). Appellant broke his arm in August 1986 in an automobile accident. His arm injury thus occurred after he recovered from the work-related injury and was able to resume gainful employment. He therefore cannot combine his arm injury with his hip injury to show a continuing disability for twelve months. 20 C.F.R. Sec. 404.1522(a) (1988). The record reveals continuing recovery from this injury. See Joint App. at 208, 226, 227, and 274. As of November 10, 1986, appellant had recovered enough to begin a program of physical therapy to rebuild muscle strength and also had a full range of motion. Joint App. at 207. The ALJ's finding that appellant had regained functional use of his arm within twelve months of injury was thus supported by substantial evidence. Appellant failed to show under section 1.12 that he was presumptively disabled.
 
 
 17
 Appellant asserts that the ALJ's finding that he was capable of performing medium work is not supported by substantial evidence. As discussed above, the medical record reveals that appellant was almost fully recovered within twelve months of his injury. There were many jobs in the national economy which appellant was capable of performing. A vocational expert testified that there were approximately 500,000 jobs in the local economy for a person with the ability to perform medium work. There were also 20,000 local jobs at the light exertional level, and 10,000 jobs at the sedentary level. In addition, the record supports the ALJ's finding that appellant retained the capacity to continue his past relevant work as a retail salesman. Joint App. at 16. We hold that the ALJ's decision affirming the Secretary's denial of benefits was supported by substantial evidence.
 
 
 18
 Appellant lastly argues that his due process rights were violated because the ALJ limited his examination of the vocational expert that the Secretary called to testify. Appellant sought to inquire about the effect of a sit/stand option on the number of sedentary jobs he would be capable of performing. We first note that "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir.1987). Appellant's failure to make such an objection to the magistrate's report means that he waived appellate review of the issue. Additionally, however, the expert previously testified that including a sit/stand option in his calculations would reduce the 10,000 local (20,000 state-wide) sedentary jobs by one-third. Appellant does not indicate what information he would have sought from the vocational expert, nor does he show how his right to due process was impinged by the ALJ. We can find no interference with his rights.
 
 
 19
 Accordingly, the judgment of the District Court is AFFIRMED.
 
 
 
 *
 The Honorable George C. Smith, United States District Court for the Southern District of Ohio, sitting by designation
 
 
 [1]
 "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. Sec. 404.1567(c)