James McKNIGHT, Plaintiff–Appellant,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant–Appellee.

No. 90–5495.

United States Court of Appeals, Sixth Circuit.

Submitted Oct. 10, 1990.

Decided Dec. 14, 1990.

Carlos R. Morris, Barbourville, Ky., for plaintiff-appellant.

Louis DeFalaise, U.S. Atty., Lexington, Ky., Howard H. Lewis, Bruce Granger, Mack A. Davis, Mary Ann Sloan, and Holly A. Grimes, Dept. of Health and Human Services, Office of Gen. Counsel, Atlanta, Ga., for defendant-appellee.

Before WELLFORD and NELSON, Circuit Judges, and JOINER, Senior District Judge.*

PER CURIAM.

Plaintiff, James McKnight, appeals from a judgment of the district court upholding the denial by the Secretary of Health and Human Services (Secretary) of an application for Social Security disability benefits. McKnight initiated his claim for benefits on September 10, 1987, alleging that he was unable to work because of glaucoma, chronic hemorrhoids, hypertension and arthritis. His claim was denied initially and upon reconsideration. On January 5, 1989, an administrative law judge (ALJ) found that the medical evidence supported McKnight's claim that he was suffering from glaucoma and hemorrhoids, but found that McKnight was not disabled because the conditions were remediable by surgery. This determination became the final decision of the Secretary when the Appeals Council upheld it on May 19, 1989. McKnight then sought review pursuant to section 205(g) of the Social Security Act, 42

---

* The Honorable Charles W. Joiner, United States District Court for the Eastern District of Michigan, sitting by designation.

U.S.C. section 405(g), in the district court for the Eastern District of Kentucky.

Applicants for disability benefits must meet a five-step test in order to be found disabled. An initial determination is made as to whether the claimant is currently engaged in substantial gainful activity. If the claimant is not, it must be determined whether the claimant's impairments are "severe" and meet the 12–month durational requirement. Impairments are not "severe" if they "do[ ] not significantly limit [the claimant's] physical and mental ability to do basic work activities." 20 C.F.R. § 416.921 (1990).

The ALJ halted the analysis of McKnight's case at step two of the inquiry, finding no severe impairment. McKnight challenges the Secretary's decision on grounds that the ALJ's finding that his conditions are remediable ignored his inability to afford the necessary surgery. The Secretary's findings must be upheld by this court if supported by substantial evidence. *Cornette v. Secretary of Health & Human Servs.*, 869 F.2d 260 (6th Cir.1988); *Mullen v. Bowen*, 800 F.2d 535, 546 (6th Cir.1986) (en banc).

■ McKnight urges the court to adopt the holdings of several other courts of appeals that have found the severity and disabling nature of a condition must be evaluated without regard to remediability if the claimant has no means to pay for remedial treatment. In *Lovelace v. Bowen*, 813 F.2d 55 (5th Cir.1987), the court reversed the Secretary's decision that the claimant's condition was not severe because remediable by medication, on grounds that the claimant was unable to afford the medication. The court stated "[i]f, however, the claimant cannot afford the prescribed treatment or medicine, and can find no way to obtain it, 'the condition that is disabling in fact continues to be disabling in law.' " *Id.* at 59 (quoting *Taylor v. Bowen*, 782 F.2d 1294, 1298 (5th Cir.1986)). *See also Lovejoy v. Heckler*, 790 F.2d 1114, 1117 (4th Cir.

1986); *Teter v. Heckler*, 775 F.2d 1104, 1107 (10th Cir.1985); and *Tome v. Schweiker*, 724 F.2d 711 (8th Cir.1984). We agree with this conclusion.

The Secretary argues that the ALJ's finding should be affirmed because the medical evidence showed that McKnight had no severe impairment, regardless of the remediability of his condition. However, the ALJ's decision did not address whether McKnight had a severe impairment if his conditions went untreated. There was no need to reach this question given the ground upon which the ALJ's opinion rested—that treatment would remove the disability—and nothing in the decision indicates that the ALJ considered McKnight's case in this light. The ALJ's findings indicate that McKnight's glaucoma imposed restrictions upon his activities, but does not indicate the severity of those restrictions.

The Secretary relies upon language in a decision by the Fifth Circuit, in a successor case to *Lovelace*, that "the issue of affordability of treatment does not arise until disability has been proven," and that the *Lovelace* doctrine does not encompass persons who "seek benefits as a means of affording care that might conceivably prevent a disability." *Harper v. Sullivan*, 887 F.2d 92, 97 (5th Cir.1989). This language, however, merely leads back to the issue of whether McKnight is in fact disabled by debilities which he cannot afford to remedy.[1]

■ The Secretary must determine whether McKnight's conditions are disabling, within the meaning of the regulations, in the absence of treatment. If, without regard to treatment, McKnight is found to have a disabling impairment, then the Secretary must determine if there is an affordable treatment available to McKnight that would prevent the disability from being a severe impairment under the statute and regulations.

---

1. The Secretary also notes that McKnight is a heavy smoker, and asserts the existence of a presumption in this court that "a claimant who smokes, can afford basic medical care," citing *Sias v. Secretary of Health & Human Services,*

861 F.2d 475, 480 (6th Cir.1988). Leaving aside the objection that surgery is not "basic medical care," the *Sias* decision held that the claimant could afford to buy *support hose* if claimant could support his cigarette habit.

REVERSED and REMANDED for further proceedings consistent with this opinion.

WELLFORD, Circuit Judge, dissenting:

I would affirm the result reached by the ALJ, the Appeals Council, and the district court because there is substantial evidence to support that result. McKnight was fifty years old when he filed his first application for supplemental benefits, claiming disability at age forty-nine under the Social Security Act based upon glaucoma and arthritis. (His second application added "hemorrhoids, HBP, smother, etc." as a basis of claimed disability.) Dr. Lea J. Perritt, on March 23, 1988, found no "medically determinable impairment" upon a psychiatric review of his mental condition despite claims of nervousness and "smothering."

Dr. Georges Birenbaum had examined McKnight as early as 1979, finding early traces of glaucoma. An optical examination in June of 1987 reflected *20/20 vision.* Medication was continued which had earlier been prescribed but neglected. In September 1987, Dr. Birenbaum noted 20/25 vision "with no corrective glasses." Despite presence of glaucoma, the eye doctor's examination revealed *no* "marked visual abnormalities," and he stated that he doubted the patient was taking the prescribed medication. This evidence clearly establishes no disability by reason of glaucoma at the time of claimed disability.

Dr. Rick R. McClure found in December 1987 that despite McKnight's claim of arthritis aching and stiffness, there were no noticed "inflammatory changes" and low back pain was denied. Dr. McClure noted complaints of hemorrhoids for about eight years aggravated by lifting and standing for long periods of time. Dr. McClure, however, made no statement of disability based on this condition. Blood pressure was reportedly normal despite a claim of hypertension, and McKnight indicated no "visual disturbances associated with this." Dr. McClure added that "he is going to need surgery at some point in time in the near future," but that "new glasses ... helped his visual acuity." In summary, he was then a "well developed, well nourished white male in no acute distress with normal gait and normal station." (Dr. McClure found his vision also to be 20/20.) This same doctor found "no joint deformities or decrease in range of motion," and there was *"no restriction* of daily activities, ... *no objective evidence* of significant inflammatory or degenerative arthritis." (Emphasis added).

Dr. Dennis Ulrich, in May 1988, evaluated McKnight prior to "contemplated surgery for glaucoma," and it was his conclusion, *without any basis shown on analysis,* that until this was done, "this patient is unable to work." Dr. Ulrich, unlike Dr. Birenbaum, is not an eye specialist but a family practice physician licensed in 1978 after training at Southern Illinois School of Medicine.

I find substantial evidence to support the ALJ's conclusion, based on this record, that "claimant does not have a 'severe impairment' which would limit his ability to perform basic work activities for a period of twelve continuous months" despite his glaucoma and need of eye surgery, and his hemorrhoids and nervousness or hypertension. *See Cornette v. Secretary,* 869 F.2d 260 (6th Cir.1988).

I believe the majority delves into something beside the point in discussing whether McKnight's eye condition is remediable and/or whether he can afford medication or surgery. His vision, in fact, is not demonstrated to be impaired and no other physical condition, singly or in combination, is shown to be disabling within the meaning of the Act.

I would accordingly AFFIRM.