Corsie TRENT, Plaintiff,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
Defendant.

Civ. A. No. 92–98.
Formerly London Civ. A. No. 91–205.

United States District Court,
E.D. Kentucky,
at Pikeville.

March 23, 1992.

940

Janice Binder, Appalachian Research and Defense Fund, Hazard, Ky., for plaintiff.

Asst. U.S. Atty. John S. Osborn III, Lexington, Ky., for defendant.

## MEMORANDUM OPINION

UNTHANK, Senior District Judge.

### INTRODUCTION

Corsie Trent brought this action to obtain judicial review of an administrative decision of the Department of Health and Human Services, pursuant to the provisions of the Social Security Act; at issue is the denial his application for Supplemental Security Income. The case is currently before the Court on cross-motions for summary judgment.

### APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. *See* 20 CFR 404.1520(b), 416.-920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. *See* 20 CFR 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)—i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. *See* 20 CFR 404.1520(c), 404.1521, 416.920(c), 461.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. *See* 20 CFR 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equalling in severity an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. *See* 20 CFR 404.1520(d), 404.1526(a), 416.920(d), 416.-926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. *See* 20 CFR 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work—i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. *See* 20 CFR 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

*Garner v. Heckler,* 745 F.2d 383, 387 (6th Cir.1984).

■ Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Secretary's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Secretary employed proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. *Garner,* 745 F.2d at 387. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Id.*

■ One of the detracting factors in the administrative decision may be the fact that the Secretary has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. *Bowie v. Secretary,* 679 F.2d 654, 656 (6th Cir.1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. *Cf. Houston v. Secretary of Health and Human Services,* 736 F.2d 365, 367 (6th Cir.1984); *King v. Heckler,* 742 F.2d 968, 973 (6th Cir.1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. *Hardaway v. Secretary,* 823 F.2d 922, 927 (6th Cir.1987).

■ Another point to keep in mind is the standard by which the Secretary may assess allegations of pain. If there is objective medical evidence of a medical condition, the court must determine if (1) objective evidence confirms the severity of the alleged pain arising from the condition, or (2) the objectively-established medical condition is of such severity that it can reasonably be expected to produce disabling pain. *McCormick v. Secretary of Health and Human Services,* 861 F.2d 998, 1002 (6th Cir.1988).

■ Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. *Harris v. Secretary of Health and Human Services,* 756 F.2d 431, 436 n. 2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. *Id. Accord, Johnson v. Secretary of Health and Human Services,* 794 F.2d 1106, 1113 (6th Cir.1986).

■ In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. *Gooch v. Secretary of Health and Human Services,* 833 F.2d 589, 592 (6th Cir.1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, *Hale v. Secretary of Health and Human Services,* 816 F.2d 1078 (6th Cir.1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, *McKnight v. Sullivan,* 927 F.2d 241 (6th Cir.1990).

Additional information concerning the specific steps in the test is in order.

■ Step six refers to the ability to return to one's past relevant category of work. *Studaway v. Secretary,* 815 F.2d 1074, 1076 (6th Cir.1987). The plaintiff is said to make out a *prima facie* case by proving that he or she is unable to return to work. *Cf. Lashley v. Secretary of Health and Human Services,* 708 F.2d 1048, 1053 (6th Cir.1983). However, both 20 CFR 416.965(a) and 20 CFR 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Secretary's decision that the plaintiff has not made out its case. *Id.* at 1053.

Once the case is made, however, if the Secretary has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. *E.g., Richardson v. Heckler,* 735 F.2d 962, 964 (6th Cir.1984). One of the ways for the Secretary to perform this task is through the use of the medical vocational guidelines which appear at 20 CFR Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 CFR 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 CFR 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness ... manipulative restrictions ... or heightened sensitivity to environmental contaminants ... rote application of the grid [guidelines] is inappropriate ..." *Abbott v. Sullivan,* 905 F.2d 918, 926 (6th Cir.1990). If this non-exertional impairment is significant, the Secretary may still use the rules as a framework for decision-making, 20 CFR Part 404, Subpart P. Appendix 2, § 200.-00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. *Ibid.* In such cases, the agency may be required to consult a vocational specialist. *Damron v. Secretary,* 778 F.2d 279, 282 (6th Cir.1985). Even then, substantial evidence to support the Secretary's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. *Varley v. Secretary of Health and Human Services,* 820 F.2d 777 (6th Cir.1987).

## DISCUSSION

In the present case, the ALJ found that the plaintiff was not disabled by virtue of Rule 202.16, despite the fact that Trent suffered from a history of gastric outlet obstruction and renal insufficiency.

The medical evidence unquestionably showed that the plaintiff had been treated for his stomach problems since at least 1986. He had multiple episodes of hospitalization for gastric outlet obstruction secondary to a gastric mobility disorder, with episodes of severe malnutrition, dehydration, metabolic alkylosis and some degree of renal insufficiency. Studies also documented that he had mild esophagitis, a large gastric ulcer, and a small hiatal hernia. Multiple "patient history" sections of medical reports refer to a previous leg fracture, but not much data was available on the residuals for this. Trent was described by multiple physicians, including the consultative examiner, as being very thin and he has been warned on at least one occasion that he might well die of malnutrition or complications from vomiting and gastric distention in the future.

One point made by the plaintiff is that the agency failed to adequately take into account the opinions expressed by treating physician Florence to the effect that he was either "currently" or "indefinitely" disabled. To find that the doctor's opinions did not include sufficient data is ridiculous, since it was entirely clear from the record that Florence had been the attending physician for many of the hospitalizations which Trent endured.

Trent also argues that the agency improperly considered the financial circumstances of his family in finding his allegations less than credible. The undersigned agrees that the ALJ's statements are somewhat suspect; whether or not one has a spouse who is unfortunate enough to be disabled or impoverished should not be a noteworthy factor in determining whether the claimant is credible, particularly when the rest of the record does not demonstrate malingering on Trent's part.

The claimant also contends that the alleged remediability of his condition by surgery was improperly considered, or the whole issue was at least not fully explored by the ALJ. Despite the Secretary's protest to the contrary, the undersigned notes that the ALJ made at least four references to the plaintiff's refusal to undergo surgery or specified invasive examinations in the text of his rather short opinion. Yet no reference was ever made to Dr. Nayak's statements concerning the impossibility of performing some of the surgery, the long recovery time thereafter even if it was performed (Tr. 162) or the fact that the plaintiff had undergone at least some invasive procedures on multiple occasions. There is at least one notation in the record that the plaintiff refused further medical assessment because of a lack of funds and transportation (Tr. 139), which might possibly constitute a legitimate reason for refusal, as per *Awad v. Secretary of Health and Human Services*, 734 F.2d 288 (6th Cir. 1984) and *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir.1990). Clearly, this is an issue which needs to be further explored.

Reviewing the record also, it is unclear whether all pertinent parts of the LOI, or their equivalents, were considered for evaluating the claimant's condition. The ALJ did not mention, for example, LOI 5.04 and there has been no *detailed*, related medical expert testimony.

Considering the previously-cited factors in the present record, the undersigned finds it in the interest of justice to remand the case. The decision will be remanded *for further consideration, including the taking of medical expert testimony.*

ORDER

In accordance with the memorandum opinion entered this same date,

IT IS HEREBY ORDERED that:

(1) the plaintiff's motion for summary judgment is GRANTED to the extent that it seeks a determination that the Secretary's decision is not fully supported by substantial evidence;

(2) the defendant's motion for summary judgment is DENIED;

(3) the administrative decision is REVERSED and REMANDED to the administrative agency for further consideration;

(4) it is noted that, although this is a "fourth sentence" remand within the meaning of 42 U.S.C. Section 405(g), the Court retains jurisdiction to rule upon subsequent Equal Access to Justice Act fee requests, if any, should the plaintiff prevail at the administrative level; and

(5) the above-styled action is STRICKEN from the active docket of this Court.