70 F.3d 1272
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert RETKA, Jr., Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURTIY, Defendant-Appellee.
 No. 94-2013.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1995.
 
 Before: LIVELY, NELSON and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Robert Retka, Jr., appeals a district court judgment affirming the Secretary's denial of his application for Supplemental Security Income under Title XVI of the Social Security Act. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Retka filed his application for supplemental security income on January 6, 1992, alleging that he suffered from low back pain and pain in his left foot and ankle, caused by a work injury on November 3, 1989. After a hearing was held, the Administrative Law Judge (ALJ) issued a decision in which he found that, although Retka was unable to perform his past relevant work, Retka had the residual functional capacity to perform a full range of sedentary work and some light work, as defined in the medical-vocational guidelines found at 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 202.20 and 202.21. The Appeals Council denied Retka's request for further review of this decision.
 
 
 3
 Retka then filed a timely complaint in federal district court seeking review of this decision. The case was referred to a magistrate judge, who recommended granting the defendant's motion for summary judgment. Upon de novo review of the magistrate judge's report and the plaintiff's objections, the district court adopted the magistrate judge's report, granted the defendant's motion for summary judgment, denied the plaintiff's motion for summary judgment, and dismissed the case.
 
 
 4
 On appeal, the plaintiff presents the following arguments: 1) the ALJ and district court erred by finding that Retka's condition did not equal the Listing at 1.05C of 20 C.F.R. Part 404, Subpart P, Appendix 1; 2) Retka is disabled as a result of his severe back, leg and foot pain; and 3) the record has established that the plaintiff is unable to perform substantial gainful employment.
 
 
 5
 Upon review, we conclude that substantial evidence exists to support the Secretary's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 6
 As an initial matter, this court notes that the plaintiff's objections to the magistrate judge's report and recommendation did not preserve the argument he now makes on appeal that he is disabled due to his severe back, leg and foot pain. Therefore, Retka has waived his right to appeal this issue. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Willis v. Sullivan, 931 F.2d 390, 400-01 (6th Cir.1991); Wright v. Holbrook, 794 F.2d 1152, 1156-57 (6th Cir.1986); Wilson v. McMacken, 786 F.2d 216, 220 (6th Cir.1986).
 
 
 7
 To meet Sec. 1.05C of the Secretary's Listings, the claimant must establish:
 
 
 8
 Other vertebrogenic disorder (e.g., herniated nucleus pulposus, spinal stenosis) with the following persisting for at least 3 months despite prescribed therapy and expected to last 12 months. With both 1 and 2:
 
 
 9
 1. Pain, muscle spasm, and significant limitation of motion in the spine; and
 
 
 10
 2. Appropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss.
 
 
 11
 20 C.F.R. Part 404, Subpart P, Appendix 1. An impairment or combination of impairments will be deemed medically equivalent to a listed impairment if the symptoms, signs and laboratory findings as shown in the medical evidence are at least equal in severity and duration to a listed impairment. Land v. Secretary of Health and Human Servs., 814 F.2d 241, 245 (6th Cir.1986) (per curiam). Generally, the opinion of a medical expert is required before a determination of medical equivalence is made. 20 C.F.R. Sec. 416.926(b). It is the claimant's burden at this third step in the sequential evaluation to bring forth evidence to establish that he or she meets or equals a listed impairment. Evans v. Secretary of Health and Human Servs., 820 F.2d 161, 164 (6th Cir.1987) (per curiam). Even in cases where the claimant has had an impairment which came very close to meeting a listing, this court has refused to disturb the Secretary's finding on medical equivalence. See Dorton v. Heckler, 789 F.2d 363, 366 (6th Cir.1986) (per curiam); Price v. Heckler, 767 F.2d 281, 284 (6th Cir.1985) (per curiam).
 
 
 12
 Retka rests his argument on the fact that his treating physician's diagnosis of left foot drop meets the Listing's requirement of sensory and reflex loss. However, the ALJ noted that all of the objective tests resulted in either normal results, "mild" disc herniation, or mild radiculopathy. The absence in the record of medical evidence showing significant neurological deficits and muscle atrophy supports the ALJ's conclusion that the claimant does not suffer from severe disabling pain due to his back disorder. See Crouch v. Secretary of Health and Human Servs., 909 F.2d 852, 857 (6th Cir.1990) (per curiam). Thus, there is no merit to the plaintiff's argument that the ALJ erred in failing to find his condition equivalent to the Listing found at Sec. 1.05C.
 
 
 13
 Retka also challenges the ALJ's finding that he is able to perform substantial gainful employment, because Retka alleges that the second hypothetical question posed to the vocational expert (VE) at the hearing did not accurately describe Retka's ability to function. A VE's testimony must be based on a hypothetical question which accurately portrays the claimant's physical and mental impairments. Varley v. Secretary of Health and Human Servs., 820 F.2d 777, 779 (6th Cir.1987). However, a hypothetical question is not erroneous where at least one doctor substantiates the information contained therein. Hardaway v. Secretary of Health and Human Servs., 823 F.2d 922, 927-28 (6th Cir.1987) (per curiam). There is no requirement that the ALJ's hypothetical question to the VE reflect the claimant's unsubstantiated complaints. Id.
 
 
 14
 The ALJ noted each source, i.e., the specific doctor's report or clinical test, from which he garnered the information forming the components of his second hypothetical question to the VE. Thus, this court must defer to the accuracy of the ALJ's question, the testimony elicited therefrom, and to the ALJ's determination of credibility regarding Retka's testimony. See Siterlet v. Secretary of Health and Human Servs., 823 F.2d 918, 920 (6th Cir.1987) (per curiam) (credibility determinations regarding a claimant's subjective complaints rest with the ALJ). See also Cornette v. Secretary of Health and Human Servs., 869 F.2d 260, 264 (6th Cir.1988) (per curiam) (ALJ could discredit the testimony of a claimant because the testimony of the underlying impairment did not support the alleged functional restrictions). Applying this standard of review, this court concludes that there is no merit to the plaintiff's argument that there was no sufficient basis for the opinion testimony by the VE.
 
 
 15
 In conclusion, the Secretary carried the burden of showing that alternate jobs were available to Retka in the economy considering Retka's age, education, past work experience and residual functional capacity. See Moon v. Sullivan, 923 F.2d 1175, 1181 (6th Cir.1990). Accordingly, we affirm the district court's judgment.