83 F.3d 422
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jeffrey L. LOCKETT, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 95-5968.
 United States Court of Appeals, Sixth Circuit.
 April 22, 1996.
 
 1
 Before: SUHRHEINRICH and SILER, Circuit Judges, and ALDRICH, District Judge.*
 
 ORDER
 
 2
 Jeffrey L. Lockett appeals a district court order affirming the Secretary's denial of his application for social security disability insurance benefits. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Lockett filed an application for social security disability insurance benefits alleging that he suffered from back pain, depression, headaches, neck pain, hypertension, and numbness in the arms and legs. Following a hearing, an administrative law judge (ALJ) determined that Lockett was not disabled because he had the residual functional capacity to perform a significant number of jobs in the economy. The Appeals Council declined to review the ALJ's determination.
 
 
 4
 Lockett then filed a complaint seeking review of the Secretary's decision. Upon de novo review of a magistrate judge's report and over Lockett's objections, the district court affirmed the denial of benefits and granted judgment for the Secretary.
 
 
 5
 Upon review, we conclude that substantial evidence exists to support the Secretary's decision. See Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 6
 Lockett contends that the Secretary erred by improperly disregarding the opinion of Dr. Anchor, a consultative physician. The record reveals that Lockett has an absence of psychiatric treatment. The absence of psychiatric treatment suggests that a mental impairment is not of disabling severity. See Moon v. Sullivan, 923 F.2d 1175, 1182 (6th Cir.1990); Cornette v. Secretary of Health & Human Servs., 869 F.2d 260, 264 (6th Cir.1988) (per curiam). Given the lack of previous psychiatric problems and given Lockett's daily activities, it was not erroneous for the ALJ to reject Dr. Anchor's opinion.
 
 
 7
 Lockett contends that his nonexertional limitations prevent the Secretary from using the medical-vocational guidelines. However, Lockett does not suffer from a nonexertional impairment which would prevent the use of the guidelines. See Cole v. Secretary of Health and Human Servs., 820 F.2d 768, 772 (6th Cir.1987).
 
 
 8
 Lockett argues that the ALJ did not accurately consider his disabling pain. However, Lockett did not present objective medical evidence that he suffered from a condition that would cause him disabling pain. See Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 853 (6th Cir.1986). Finally, Lockett contends that the ALJ did not consider his impairments in combination. However, the ALJ clearly stated that he did consider Lockett's impairments in combination. Given this statement, the ALJ is not required to further elaborate on his thought processes. See Gooch v. Secretary of Health and Human Servs., 833 F.2d 589, 592 (6th Cir.1987) (per curiam), cert. denied, 484 U.S. 1075 (1988).
 
 
 9
 Accordingly, we affirm the district court's order.
 
 
 
 *
 The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation