**Billie BANKS, Plaintiff,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant.**

No. Civ.A. 99–441.

United States District Court,
E.D. Kentucky.

Jan. 29, 2001.

Erick Allen Bowman, Wolfe & Farmer, Norton, VA, for Billie B. Banks, plaintiff.

John Patrick Grant, U.S. Attorney's Office, EDKY, Lexington, KY, for Social Security Administration, defendant.

## MEMORANDUM OPINION

UNTHANK, Senior District Judge.

## INTRODUCTION

The plaintiff originally brought *Banks v. Apfel*, Pikeville Civil Action No. 96–407 (E.D.Ky.) to obtain judicial review of an administrative denial of his application for Disability Insurance Benefits (DIB). After a period of administrative reconsideration prompted by the Court's decision, the appeal is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. *See* 20 CFR 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. *See* 20 CFR 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)—i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. *See* 20 CFR 404.1520(c), 404,1521, 416.920(c), 461.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. *See* 20 CFR 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. *See* 20 CFR 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. *See* 20 CFR 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other

work—i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. *See* 20 CFR 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

*Garner v. Heckler,* 745 F.2d 383, 387 (6th Cir.1984).

 Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. *Jones v. Secretary of Health and Human Services,* 945 F.2d 1365, 1368–1369 (6th Cir.1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner,* 745 F.2d at 387.

 One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. *Bowie v. Harris,* 679 F.2d 654, 656 (6th Cir.1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. *Cf. Houston v. Secretary of Health and Human Services,* 736 F.2d 365, 367 (6th Cir. 1984); *King v. Heckler,* 742 F.2d 968, 973 (6th Cir.1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. *Hardaway v. Secretary,* 823 F.2d 922 (6th Cir.1987). These have long been well-settled principles within the Circuit. *Jones,* 945 F.2d at 1370.

 Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 CFR Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Duncan v. Secretary of Health and Human Services,* 801 F.2d 847, 853 (6th Cir. 1986).

 Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. *Harris v. Heckler,* 756 F.2d 431, 436 n. 2 (6th Cir.1985). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. *Id. Accord. Johnson v. Secretary of Health and Human Services,* 794 F.2d 1106, 1113 (6th Cir.1986).

 In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. *Gooch v. Secretary of Health and Human Services,* 833 F.2d 589, 592

(6th Cir.1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, *Hale v. Secretary of Health and Human Services*, 816 F.2d 1078, 1082 (6th Cir.1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, *McKnight v. Sullivan*, 927 F.2d 241, 242 (6th Cir.1990).

Additional information concerning the specific steps in the test is in order.

■ Step six refers to the ability to return to one's past relevant category of work. *Studaway v. Secretary*, 815 F.2d 1074, 1076 (6th Cir.1987). The plaintiff is said to make out a *prima facie* case by proving that he or she is unable to return to work. *Cf. Lashley v. Secretary of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir.1983). However, both 20 CFR 416.965(a) and 20 CFR 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. *Id.* at 1053.

■ Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. *E.g., Faucher v. Secretary of Health and Human Services*, 17 F.3d 171 (6th Cir.1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 CFR Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 CFR 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 CFR 404.1567(a), 416.967(a).

■ However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness ... manipulative restrictions ... or heightened sensitivity to environmental contaminants ... rote application of the grid [guidelines] is inappropriate ..." *Abbott v. Sullivan*, 905 F.2d 918, 926 (6th Cir.1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 CFR Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. *Ibid.* In such cases, the agency may be required to consult a vocational specialist. *Damron v. Secretary*, 778 F.2d 279, 282 (6th Cir.1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. *Varley*

*v. Secretary of Health and Human Services,* 820 F.2d 777 (6th Cir.1987).

## DISCUSSION

 The Court noted in its original Memorandum Opinion that two treating sources, one of whom was a pulmonary specialist, prepared functional capacity assessments limiting the plaintiff to less than full-time work because of breathing problems. Mr. Banks was diagnosed with pneumoconiosis by several sources who reviewed chest x-rays. (Tr. 103, 113–14, 130, 185). Pulmonary function studies by two pulmonary specialists also showed an FEV–1 of less than 47 percent of the predicted level. (Tr. 106, 191–3). Two treating sources listed restrictions incompatible with full-time work, and another treating source, who did not prepare a residual functional capacity form, concluded that the plaintiff was unable to do productive work due to chronic obstructive lung disease and degenerative joint disease. (Tr. 323). A consultative examiner in August, 1995 also found a severe breathing restriction. (Tr. 297).

The Court noted, however, that the plaintiff admittedly continued to smoke cigarettes against medical advice, and ordered a remand in order to explore the extent to which the plaintiff's pulmonary limitations were due to his pneumoconiosis and bronchitis as distinct from his cigarette smoking. The Court suggested an opinion could possibly be obtained from a medical advisor.

On remand, the ALJ obtained testimony from Dr. Kenneth Tufts, a specialist in Internal Medicine. (Tr. 837–8).[1] Dr. Tufts testified that he did not think that the plaintiff met or equaled a Listing prior to August 26, 1996.[2] Dr. Tufts testified that, from his general experience, a majority of individuals with lung and bronchitis problems would improve within twelve months of discontinuing smoking, although he modified the statement somewhat to indicate that their condition should at least stabilize. (Tr. 839). He then made the surprising statement that chest x-rays of the plaintiff did not show coal workers pneumoconiosis, so the majority of his breathing problems must have been from smoking. (Tr. 839–40). On further questioning, he conceded that he may have missed an x-ray showing pneumoconiosis, but noted that there had been a negative chest x-ray in November, 1996. (Tr. 843). Dr. Tufts did not specifically testify that the plaintiff was not disabled during the relevant period nor did he address the issue of how long the plaintiff was capable of sitting or standing, two of the areas which the treating physicians had limited the plaintiff to less than full-time work. The ALJ in the current decision found that the plaintiff needed a sit/stand option at will, but did not impose any total limits on either activity. (Tr. 813).

In short, the testimony of the medical advisor was both inadequate and unpersuasive as to the period after September 6, 1993, the first date a treating source essentially indicated Banks was disabled. Despite the fact that this Court's decision specifically listed the pages in the transcript which contain x-ray reports showing pneumoconiosis, the medical advisor appears to have been barely aware that this had been repeatedly diagnosed. Moreover, the central issue of the plaintiff's

---

1. The ALJ stated that his office did not have a specialist in pulmonary diseases available. (Tr. 822).

2. The plaintiff had been awarded benefits on a subsequent application on that date (Tr. 383), several months prior to the DLI, but long after the alleged onset date in 1991 (Tr. 814).

exact functional capacity was not even addressed during the hearing. As the Court previously noted, this is a case in which three treating physicians opined that the plaintiff was disabled, and two of the three listed specific restrictions. Specific testimony from a well-informed medical advisor who provided cogent reasoning for disagreeing with the treating sources might be sufficient to overcome their opinions, but that is not the case here.

The decision will be remanded for an award of benefits based on the onset of disability as of September 6, 1993.

## *ORDER*

In accordance with the Memorandum Opinion simultaneously entered in the above-styled action,

IT IS HEREBY ORDERED that:

(1) the Defendant's Motion for Summary Judgment is DENIED in part and GRANTED in part;

(2) the Plaintiff's Motion for Summary Judgment is GRANTED in part and DENIED in part; and

(3) the administrative decision will accordingly be REVERSED and the case REMANDED for an award of benefits based on the onset of disabled status as of September 6, 1993.

## *JUDGMENT*

In compliance with Fed.R.Civ.P. 58,

IT IS HEREBY ORDERED AND ADJUDGED that:

(1) the administrative decision is REVERSED and REMANDED for an award of benefits based on the onset of disabled status as of September 6, 1993, but is AFFIRMED for the earlier period; and

(2) the above-styled action is STRICKEN from this Court's active docket.